IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GLEN EDWARD OWENS | § | |
| v. | § | CIVIL ACTION NO. 6:14cv789 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the social security complaint be dismissed with prejudice. Plaintiff has objected to the Magistrate Judge's finding that the ALJ did not err in determining that he had a high school education. In so finding, the Magistrate Judge cited multiple cases in which school records and the testimony of the claimant was held sufficient to support a finding that these claimants had a high school education, despite evidence that claimants were in special education, were tested at "borderline intellectual functioning," had IQ scores in the "mild retardation range," or functioned at a third to sixth grade level. *See Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Arce v. Barnhart*, 185 F.App'x 437, 2006 WL 1765899 (5th Cir., June 22, 2006); *McCune v. Astrue*, civil action no. 5:12cv3884, 2014 WL 1022587 (N.D.Ala., March 14, 2014).

In his objections, Plaintiff states that the issue is whether he has "no more than a limited education" within the meaning of 20 C.F.R. §416.962(b). He acknowledges that he has a 12th grade education, obtained through special educational classes, but contends that he cannot read articles and would need help writing a list of items. He states that testing performed when he was 49 years old

1

showed reading comprehension at the first grade level, math skills below the first grade level, and language below the second grade level. Thus, Plaintiff maintains that the academic testing by the Windham School District and the East Texas Literacy Council show that he is not functioning at the level of a person with a high school education, nor even a person with a "limited" education, but that his reading, math, and language skills are "marginal at best."

Plaintiff seeks to distinguish the cases cited by the Magistrate Judge by arguing that his formal educational testing showed him functioning at the second grade level or below in all academic categories. Plaintiff notes that under 20 C.F.R. §416.964, the numerical grade level completed in school may not represent a person's actual educational abilities and contends that there is no more than a scintilla of evidence that he has a high school education.

Substantial evidence is more than a scintilla but less than a preponderance, that is, enough that a reasonable mind would judge it sufficient to support the decision. *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court cannot re-weigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

Plaintiff's objections ask in effect that the Court re-weigh the evidence and substitute its judgment for that of the Commissioner. The evidence is conflicting - Plaintiff completed the 12th grade, albeit in special education, and he gave thorough and cogent answers to the agency questionnaires,[1] while educational testing at the Windham School District of the Texas Department

---

[1] Plaintiff's answers included such statements as "I hurt a lot physically and I have problems remembering things," "I used to have a driver's license but I do not have a vehicle," and a lightning strike "affected my head and my brain and my thinking, I forget a lot."

of Criminal Justice, Correctional Institutions Division and records from the East Texas Literacy Council appear to place his educational level at or below the third grade level. More than a scintilla of evidence exists to support either side of this equation. The Commissioner determined that Plaintiff had a high school education for purposes of Appendix 2 to Subpart B of 20 C.F.R. §404, and this determination was supported by substantial evidence. As such, it is conclusive. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the Plaintiff's complaint is **DISMISSED WITH PREJUDICE**. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 3rd day of March, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE